**Adam D. Ford** (NYB #4115531)
Ford & Huff LC
228 Park Avenue South
New York, NY 10003
Tel:  (212) 287-5913
Email: adam.ford@fordhufflaw.com
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>RAMA & MANJULA, LLC, DEEPCHHAYA INC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown,<br><br>Defendants. | **JUDGMENT AND ORDER OF PERMANENT INJUNCTION**<br><br>**[PROPOSED]**<br><br>CASE NO.: 1:22-cv-1760 (JGK) |

On _____ the Court considered the application of **STEPHEN GANNON** ("Plaintiff") for entry of default judgment and permanent injunction against **DEEPCHHAYA INC** ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. Defendant has failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with that Complaint. Accordingly, the clerk certified a default against Defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, on **July 11, 2022**.

1

2. Defendant is not a minor, nor an incompetent person, nor a current member of the military service.

3. Plaintiff has established that Defendant is liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of this Judgment and Order.

4. Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

    a. Defendant owns, and/or leases, and/or operates, and/or has control over, the Subject Facility (as defined in the Complaint [Doc. No. 1]), which is a large midtown Manhattan office building. It is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(B) and 28 CFR §36.104 Place of public accommodation (2), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

    b. Defendant, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the Subject Facility, which includes the parking lot adjacent to the restaurant, which is operated by Defendant under the name **Deepchhaya Deli & Grocery** and is located at **334 W 37th St, New York, NY 10018**.

    c. The Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act, and they constitute discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights

      Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

5. The entrance to the Subject Facility is a step-up into the store without a ramp, not navigable by the Plaintiff in his wheelchair.

6. These barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and 42 U.S.C. §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

7. Plaintiff is an individual with a disability, who uses a wheelchair and who has suffered an injury-in-fact. He will be injured in the future, if the barriers to access the Subject Facility are not removed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendant as follows:

A. A permanent injunction is granted

    i.) Enjoining Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendant to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities, specifically:

        1. Replacing the step at the Subject Location ramp which complies with Section 405 of the Americans with Disability Act Accessibility Guidelines of 2010 (the "ADAAG"); and,

        2. Ensuring that the accessible route into the Subject Facility from the public sidewalk complies with Section 402 and 403 of the ADAAG.

   iii.) Compelling Defendant to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

   iv.) Ordering Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

   v.) Ordering Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities;

B.    The Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

C.    Defendant will alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

D.    Defendant is liable to Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

E.    Defendant is liable to Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

F.    Defendant is liable to Plaintiff for $500 in statutory damages for each violation and that sum is awarded to Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G.    Jurisdiction is retained over Defendant until its unlawful practices, acts and omissions no longer exist;

H.    Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs, including fees and costs incurred in the enforcement of this Judgment and Order;

I.    Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

    i.) submit to Plaintiff's counsel an architectural plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

    ii.) within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and

    iii.) Defendant will make any necessary alterations within 90 days of Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.


Signed: _____, 2022

John G. Koeltl
United States District Judge